IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larone F. Elijah,<br><br>        Plaintiff,<br><br>vs.<br><br>Warden B. Dobbs,<br><br>        Defendant. | C/A No. 9:20-cv-0798-JFA-BM<br><br>**ORDER** |

## I.    INTRODUCTION

Pro se petitioner Larone F. Elijah ("Petitioner"), an inmate at FCI-Williamsburg, brings this application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be summarily dismissed without prejudice and without requiring the Respondent to file a return. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Petitioner filed objections to the Report on April 10, 2020. (ECF No. 11). Thus, this matter is ripe for review.

## II.   STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the relevant factual background is necessary to analyze the objections. Petitioner alleges that he was charged with "introduction of drugs" in violation of Bureau of Prison ("BOP") policies while incarcerated at FCI-Butner in North Carolina. After a hearing with a disciplinary hearing officer ("DHO") on November 15, 2018, the incident report was expunged. Petitioner claims that despite the expungement, BOP Special Investigative Staff and others decided

to suspend his fiancé's visitation privilege until 2099 and administratively transfer him farther away from his family and fiancé. Petitioner requests that his fiancé be reinstated to his visitation list and the "stigmatizing investigation report" be removed from his central case file.

Within the objections, Petitioner states that a "clear 8th Amendment violation has been stated." (ECF No. 11, p. 1). Petitioner asserts that he should not be sanctioned due to the expungement of his record. Moreover, the removal of his fiancé from his visitation list is a sanction without a DHO conviction which states an Eight Amendment violation in addition to violating his Fifth and Fourteenth Amendment Rights. (ECF No. 11, p. 2). Accordingly, Petitioner makes clear that he is asserting a constitutional challenge to the conditions of his confinement.

Despite these assertions, Petitioner completely fails to acknowledge the Report wherein the Magistrate Judges states that "to the extent Petitioner seeks to challenge the conditions of his confinement (including visitation and prison placement), habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement". (ECF No. 7, p. 5)(collecting cases). The Report correctly points out that the Fourth Circuit has stated "courts have generally held that a § 1983 suit or a *Bivens* action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not." *Wilborn v. Mansukhani*, 795 F. App'x 157, 164 (4th Cir. 2019)(quoting *Rodriguez v. Ratledge*, 715 F. App'x 261, 265–66 (4th Cir. 2017)).[2] Because Petitioner has failed to

---

[2] The Court also explained that:

4

show any error in the Report, his petition for relief under § 2241 must be denied as it is the improper avenue for challenging the conditions of his confinement.

After further review of the Report, the Court finds that the Magistrate Judge thoroughly considered Petitioner's arguments and that Petitioner's objections fail to point to any legal or factual error in the Magistrate Judge's analysis sufficient to alter the Magistrate Judge's findings and recommendations.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. This Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 7). Accordingly, the petition (ECF No. 1) is dismissed without prejudice and without requiring Respondent to file a return.

---

> Modern habeas corpus petitions are pursued through 28 U.S.C. § 2241 (federal prisoners) and 28 U.S.C. § 2254 (state prisoners).
>
> "Civil rights claims" can be brought under 42 U.S.C. § 1983 or *Bivens*. *See* 42 U.S.C. § 1983 (authorizing a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws"); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (recognizing a cause of action for damages against federal officers acting under color of federal authority when the officer violates a plaintiff's constitutional rights).

*Wilborn v. Mansukhani*, 795 F. App'x 157, 163 n.7 (4th Cir. 2019).

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 16, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

6